United States District Court
Southern District of Texas
**ENTERED**
October 07, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GLEN ADAMS, § | |
| (TDCJ-CID #2248478) § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. H-20-3367 |
| § | |
| BOBBY LUMPKIN, § | |
| Respondent. § | |

**MEMORANDUM ON TRANSFER**

Petitioner, Glen Adams, has sued under 28 U.S.C. § 2254.  Adams is serving a sentence imposed in state court in Jefferson County, Texas, but does not attack the validity of that conviction. Rather, he challenges a prison disciplinary hearing conducted at the Estes Unit of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID).  The threshold issues are whether this Court has jurisdiction to consider the petition and whether this Court should transfer this petition to the Lufkin Division of the United States District Court for the Eastern District of Texas.

**I.      Background**

In this petition, Adams argues that he was denied due process in the disciplinary hearing because: the evidence was insufficient to support the finding of guilt; the disciplinary hearing officer failed to provide an explanation for the finding of guilt; prison officials failed to provide notice that certain conduct was proscribed; and the disciplinary hearing officer punished Adams with the forfeiture of 100 days of good time credit. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, pp. 6-7).  In disciplinary case number 20190286670, Adams was found guilty of possession

of an unauthorized drug, synthetic Cannibanoid. Adams's punishment consisted of: a reduction is custodial classification from G2 to G4; a reduction in good-time earning class status from Line 1 to Line 3; and a loss of 100 days good time credit.

## II.     Analysis

Section 2241 specifies the court in which a section 2254 petition must be filed. *Story v. Collins,* 920 F.2d 1247, 1250 (5th Cir. 1991). Section 2241(d) states as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d).

The state court which convicted and sentenced Adams is located in Jefferson County, which is within the Beaumont Division of the United States District Court for the Eastern District of Texas. At the time Adams filed this federal petition, he was incarcerated at the Eastham Unit, which is located in Houston County. Adams remains incarcerated at the EasthamUnit. Houston County is within the Lufkin Division of the United States District Court for the Eastern District of Texas. Adams challenges a disciplinary conviction entered at the Estes Unit, which is within the Dallas Division of the Northern District of Texas.

In *Wadsworth v. Johnson,* 235 F.3d 959 (5th Cir. 2000), the Fifth Circuit considered, as a matter of first impression, whether section 2241(d) provides jurisdiction to a district court to hear a

claim challenging a disciplinary proceeding occurring in a prison in that district, when neither the state court that imposed the conviction and sentence nor the current place of incarceration is within that district.  Noting that the TDCJ-CID is not a state court, the Fifth Circuit held that regardless of whether a disciplinary proceeding and resulting punishment could be considered a conviction and sentence, they are not imposed by a state court.  The Fifth Circuit concluded that a district court lacks jurisdiction over a section 2254 petition challenging a disciplinary conviction and punishment imposed in a prison in the federal court's district, if neither the court imposing the initial conviction and sentence nor the current place of incarceration is in that district.

Adams challenges a disciplinary conviction and sentence imposed in the Estes Unit of TDCJ-CID.  The Estes Unit is in the Dallas Division of the Northern District.  Adams is incarcerated in the Lufkin Division of the Eastern District.  Adams was convicted and sentenced in a state court in the Eastern District.  This Court lacks jurisdiction to consider Adams's petition because neither the state court that imposed the conviction and sentence nor the current place of incarceration is within the Southern District.

This Court finds that the interests of justice would be better served by transferring this case to the Lufkin Division.  Adams challenges the forfeiture of good-time credits following a disciplinary hearing.  The prison disciplinary hearing records and records concerning the calculation of Adams's good-time credits and his eligibility for release to mandatory supervision are presumed to be where Adams is confined.

In the interest of justice, the Clerk shall TRANSFER this application for writ of habeas corpus and copies of the entire file to the Clerk of the United States District Court for the Eastern District

of Texas, Lufkin Division.

        SIGNED at Houston, Texas, on    October 7   , 2020.

                                            _____
                                            VANESSA D. GILMORE
                                            UNITED STATES DISTRICT JUDGE