IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| GLEN ADAMS | § | |
| VS. | § | CIVIL ACTION NO. 9:20cv206 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Glen Adams, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a prison disciplinary conviction. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

On July 24, 2019, an incident report was written charging petitioner with possession of a narcotic. He was notified of the charge on July 29. Following a disciplinary hearing on August 5, 2019, he was convicted of the offense with which he was charged. Petitioner received the following punishment: (a) 45 days of recreation and commissary restriction; (b) 30 days of telephone restriction; (c) reduction to a classification at which he earned fewer days of good conduct time credits and (d) forfeiture of 100 days of previously earned good conduct time credits. Petitioner exhausted his administrative remedies before filing his petition.

Grounds for Review

Petitioner asserts the following grounds for review: (1) there was insufficient evidence to support the disciplinary conviction; (2) the disciplinary hearing officer failed to provide a sufficiently detailed explanation for the finding of guilty; and (3) he did not have adequate notice that the conduct he was alleged to have engaged in was prohibited.

Analysis

Prison inmates who lose good conduct time credits as a result of prison disciplinary convictions are entitled to the procedural due process protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). *See Murphy v. Collins*, 26 F.3d 541 (5th Cir. 1994). As petitioner was deprived of good conduct time credits as a result of the disciplinary conviction complained of, he was entitled to: (1) written notice of the charges against him at least 24 hours before the hearing; (2) a written statement of the fact-finder as to the evidence relied on and the reason for the disciplinary action and (3) the opportunity to call witnesses and present documentary evidence in his defense. *Wolff*, 418 U.S. at 563-66.

In addition, there must have been "some evidence" to support the petitioner's conviction. *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445 (1983). The result of a prison disciplinary proceeding will be overturned by a federal court "only where there is no evidence whatsoever to support the decision of the prison officials." *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994).

In reviewing prison administrative actions, the findings of a prison disciplinary hearing will not be disturbed unless they are arbitrary and capricious. *Stewart v. Thigpen*, 730 F.2d 1002, 1005 (5th Cir. 1984); *Smith v. Rabalais*, 659 F.2d 539, 542 (5th Cir. 1981). "The federal courts cannot assume the task of retrying all prison disciplinary disputes." *Smith*, 659 F.2d at 545. Accordingly, federal courts do not review a disciplinary hearing officer's factual findings *de novo*. Instead, the court will only consider whether the decision is supported by "some facts" or by a "modicum of evidence. *Superintendent*, 472 U.S. at 454-55; *Hudson v. Johnson*, 242 F.3d 534, 536 (5th Cir. 2001); *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir. 1986). The court is not required to examine the entire record, independently assess the credibility of witnesses, or weigh the evidence to determine whether there is sufficient evidence to support the factual findings of the DHO. *Hill*, 472 U.S. at 455; *Richards v. Dretke*, 394 F.3d 291, 294 (5th Cir. 2004). Instead, the court should consider whether there is any evidence that could support the finding. *Hill*, 472 U.S. at 455-56. The

information provided in a written offense report, standing alone, can satisfy the "some evidence" standard. *Hudson*, 242 F.3d at 536.

### *Insufficient Evidence*

Initially, petitioner asserts there was insufficient evidence to support the disciplinary conviction. He states no contraband was found on his person or in his bunk or locker. Petitioner also states he had only recently been transferred to the Estes Unit and lacked the means and resources to obtain contraband. In addition, he contends the contraband was found inside an electrical outlet that required a special tool to access. He states the maintenance staff had to be called in to gain access inside the outlet.

The contraband was found inside an electrical outlet in petitioner's cell rather than in his possession. As a result, the disciplinary conviction appears to have been based on the theory that he constructively possessed the contraband. A person is deemed to have constructive possession of contraband if he knowingly has ownership, dominion, or control over the contraband or over the premises in which the contraband is located. *United States v. Fambro*, 526 F.3d 836, 839 (5th Cir. 2008). In the prison disciplinary context, constructive possession provides sufficient evidence of guilt if relatively few inmates have access to the area where the contraband was found. *McClung v. Hollingsworth*, 2007 WL 1225946, at *3 (4th Cir. Apr. 26, 2007) (contraband found in cell that was the exclusive domain of the petitioner and his cell mate); *Santiago v. Nash*, 224 F. App'x 175, 177 (3rd Cir. 2007) (contraband found taped to inmate's bed was sufficient evidence where only a small number of inmates were potentially guilty of the offense charged); *Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992) (constructive possession provides some evidence of guilt where only two inmates have access to the contraband). Conversely, constructive possession is not some evidence of guilt if more than a few inmates have access to the contraband. In *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001), the United States Court of Appeals for the Fifth Circuit found that the evidence was insufficient where the contraband was found in the area of the kitchen where the inmate worked, but to which 100 other inmates had access.

Petitioner has asserted reasons why he should have been found not guilty, such as lack of access to the area behind the outlet and lacking the means to obtain contraband since he was new to the unit. These contentions could have supported a finding of not guilty. However, the hearing officer found petitioner guilty. As the contraband was found inside an electrical outlet in petitioner's cell, an area to which few inmates had access, there was "some evidence" to support the hearing officer's finding based on a theory of constructive possession. Weighing the evidence is left to the hearing officer, and this court is not free to retry the case and substitute its opinion for that of the hearing officer. As there was "some evidence" to support the conviction, this ground for review is without merit.

*Inadequate Explanation*

Petitioner states that in his report, the hearing officer only wrote that he relied on the officer's report, witness testimony and photographic evidence. He asserts the report failed to identify the officer, state the contents of the report, describe the testimony of witnesses or describe what was shown in the photographs.

Petitioner correctly sets forth the explanation in the hearing officer's report. While terse, the report identified the evidence relied on by the hearing officer. Moreover, petitioner does not contend he was not made aware of what was stated in the officer's report, that he did not hear the testimony of witnesses, or that he did not see the photographs. As a result, it cannot be concluded petitioner failed to receive a written statement informing him of the evidence relied on and the reason for the disciplinary action.

*Fair Notice or Warning*

Finally, petitioner states he did not receive fair notice or warning the conduct he was accused of engaging in was prohibited. He contends he was new to the facility and had no notice of contraband in the wall or its illegality.

It does not appear petitioner contends he did not know that possession of marijuana or synthetic cannabinoids violated prison rules. Instead he appears to contend he was not aware there

4

was contraband behind the electrical outlet in his cell. This is a contention that there was not sufficient evidence to support the conviction. For the reasons set forth above, there was "some evidence" to support the conviction based on a theory of constructive possession. The hearing officer determined petitioner's assertion that he was unaware of the contraband behind the wall was not credible. This court may not revisit that credibility determination.

## Recommendation

This petition for writ of habeas corpus should be denied.

## Objections

Objections to the Report and Recommendation must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 28th day of September, 2022.

_____
Zack Hawthorn
United States Magistrate Judge